ORDER FOR INTERCEPTION OF
WIRE AND ELECTRONIC COMMUNICATIONS
ORIGINAL
MAY 2021



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE
INITIAL INTERCEPTION OF WIRE AND
ELECTRONIC COMMUNICATIONS OVER
(2) VERIZON WIRELESS/TRACFONE
TELEPHONE (304)859-2747, NO
SUBSCRIBER NAME, WITH IMEI
NUMBER 356903446920089, AND THE
DISCLOSURE OF LATITUDE AND
LONGITUDE DATA

Misc.No. 2:21-mc-00065

UNDER SEAL

ORDER

Application under oath having been made before me by Joshua C. Hanks, Assistant United States Attorney, Southern District of West Virginia, an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and an attorney for the Government as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, for an Order authorizing the interception of wire and electronic communications pursuant to Section 2518 of Title 18, United States Code, and full consideration having been given to the matter set forth therein and in supporting documents, the Court finds:

1. There is probable cause to believe that JASON ROBERT OXLEY; ANTHONY JOSEPH WAZELLE; SCOTT EDWARD HUDSON; BRIAN DANGELO

TERRY; SHANE KELLY FULKERSON; and other persons as yet unknown ("TARGET SUBJECTS") have committed, are committing, and will continue to commit violations of 18 U.S.C. § 2516(1): (i) the distribution and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1); (ii) conspiracy to commit and attempts to commit these offenses, in violation of 21 U.S.C. § 846; and (iii) use of a communications facility in facilitating the commission of the foregoing offenses, in violation of 21 U.S.C. § 843(b) ("TARGET OFFENSES").

2. There is probable cause to believe that particular wire and electronic communications of JASON ROBERT OXLEY; ANTHONY JOSEPH WAZELLE; SCOTT EDWARD HUDSON; BRIAN DANGELO TERRY; SHANE KELLY FULKERSON; and other persons as yet unknown "TARGET INTERCEPTEES") concerning the TARGET OFFENSES will be obtained through the interception of wire and electronic communications occurring to and from the cellular telephone bearing the number (304)859-2747 and accessed through IMEI number 356903446920089, with no subscriber name and used by JASON ROBERT OXLEY ("TARGET TELEPHONE #2").

3. In particular, there is probable cause to believe that these communications will concern the specifics of the TARGET OFFENSES, including 1) the nature, extent, and methods of operation of the drug business of the TARGET INTERCEPTEES and others as yet

unknown; (2) the identities and roles of accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities; (3) the distribution and transfer of the contraband and money involved in those activities; (4) the existence and location of records; (5) the existence, location, and source of resources used to finance their illegal activities; (6) the existence, location, and disposition of the proceeds from those activities; and (7) the existence and locations of items used in furtherance of those activities. In addition, the communications are expected to constitute admissible evidence of the commission of the TARGET OFFENSES.

4. It has been adequately established that normal investigative procedures have been tried and have failed, reasonably appear to be unlikely to succeed if tried, or are too dangerous to employ.

5. There is probable cause to believe that TARGET TELEPHONE #2 has been, is being, and will continue to be used in connection with the commission of the TARGET OFFENSES.

WHEREFORE, IT IS HEREBY ORDERED pursuant to Section 2518 of Title 18, United States Code, that Special Agents of the Federal Bureau of Investigation (hereinafter "FBI"), and other duly authorized state and local law enforcement officers working under the supervision of the FBI, government personnel acting under the

supervision of the FBI, and personnel acting under contract to and supervision of the FBI, pursuant to an application authorized by Kevin O. Driscoll, "Deputy Assistant Attorney General," a duly designated official of the Criminal Division, United States Department of Justice, who has been specially designated by the Attorney General of the United States, pursuant to Order Number 5000-2021, dated March 12, 2021, to exercise the power conferred on that official by Section 2516 of Title 18, United States Code, are authorized to intercept wire and electronic communications to and from TARGET TELEPHONE #2. Attached to the Government's application for this Order, and incorporated into this Order, are copies of the Attorney General's Order of special designation and the Memorandum of Authorization approving this application.

IT IS FURTHER ORDERED that such interceptions shall not terminate automatically after the first interception that reveals the manner in which the alleged co-conspirators and others conduct their illegal activities, but may continue until all communications are intercepted which fully reveal the manner in which the TARGET SUBJECTS and others as yet unknown are committing the TARGET OFFENSES, and which reveal fully the identities of their confederates, their places of operation, and the nature of the conspiracy, but not to exceed a period of thirty (30) days measured from the earlier of the day on which law enforcement officers first

begin to conduct an interception under this Order or ten (10) days after the Order is entered.

IT IS FURTHER ORDERED that the authorization given applies to the target telephone number listed above, and also to any other telephone number subsequently assigned to an instrument bearing the same IMEI number used by the target telephone, and to any other IMEI number to which the target telephone number referenced above is assigned, within the thirty-day period. The authorization is also intended to apply to the target telephone number referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephone while the telephone is off the hook or otherwise in use.

IT IS FURTHER ORDERED that Verizon Wireless, Tracfone, or any other subsequent service provider notify the Applicant immediately if and when the IMEI or telephone number for TARGET TELEPHONE #2 is changed or supplied to another service provider.

IT IS FURTHER ORDERED that, based upon the request of the Applicant and pursuant to Section 2518(4) of Title 18, United States Code, that Verizon Wireless, Tracfone, or any other subsequent service provider of wire or electronic communication service, as defined in Section 2510(15) of Title 18, United States Code, shall furnish the FBI forthwith all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services

5

that such provider is according the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of intercepting wire and electronic communications over TARGET TELEPHONE #2, with the service provider(s) being compensated by the FBI, United States Department of Justice, for reasonable expenses incurred in providing such facilities or assistance.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2518(3), that in the event that TARGET TELEPHONE #2 is used outside the territorial jurisdiction of this Court, interceptions may continue in the Southern District of West Virginia, where communications over TARGET TELEPHONE #2 will first be heard and/or read and minimized.

IT IS FURTHER ORDERED that the Court's Order will be binding on any subsequent service provider that provides service to TARGET TELEPHONE #2 upon service of a certified copy of the Court's Order without further order of this Court being required.

IT IS FURTHER ORDERED that, to avoid prejudice to the Government's criminal investigation, the above-named providers or any other provider of wire or electronic communication service and its agents and employees not disclose or cause a disclosure of this Order or the request for information, facilities, and assistance by the FBI, or the existence of the investigation to any person other than those of its agents and employees who require

said information to accomplish the services as ordered. In particular, said provider(s) and any other provider of wire or electronic communication service to TARGET TELEPHONE #2 and their agents and employees shall not make such disclosure to a lessee, telephone subscriber, or any SUBJECT, TARGET INTERCEPTEE, or participant in the intercepted communications.

IT IS FURTHER ORDERED that this Order be executed as soon as practicable after it is signed, and that all monitoring of wire and electronic communications be conducted in such a way as to minimize the interception and disclosure of communications not relevant to the investigation, or otherwise criminal in nature. Monitoring of conversations must immediately terminate when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119 of Title 18, United States Code. Interception must be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the named interceptees or any of their confederates, when identified, are participants in the conversation, unless it is determined during a portion of the conversation already overheard that the conversation is criminal in nature. If the conversation is minimized, the monitoring agent may spot-check to ensure that the conversation has not turned to criminal matters. Special attention shall be given to minimize all privileged communications. According to the West Virginia

Division of Probation and Parole and Kanawha County Prosecuting Attorney's Office, OXLEY's attorneys are William Forbes from the Forbes Law Office and Edward Rebrook. Any communications involving these attorneys or law firms will be minimized and marked "Privileged." If any communications are intercepted with either attorney being identified as the other participant, communications will be immediately minimized and marked "Privileged".

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 2518(5), in the event the intercepted communications are in a code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, minimization may be accomplished as soon as practicable after such interception. In the event the translator is not a federal agent, the translator, whether a language-trained support employee or someone under contract with the Government, will be under the direct supervision of a federal agent.

All monitoring of electronic communications will be conducted in accordance with Chapter 119 of Title 18, United States Code. Each electronic communication (i.e. text message) will be reviewed over a secure system, and based on the identities of the sender and recipient and the content of the message, monitoring personnel will determine as soon as practicable after interception whether the text message appears to be relevant to the investigation or otherwise criminal in nature. If the message is not criminal in

nature, the message will be marked "SMS Non-pertinent" and not accessed by other members of the investigative team. If the message appears to be privileged, it will be marked "Privileged" and secured from access by other members of the investigative team. If a text message appears to be relevant to the investigation or otherwise criminal in nature, it will be marked "SMS Pertinent" and may be shared with the other agents and monitors involved in the investigation. If a text message is marked "SMS Non-pertinent" or "Privileged," it will not be disseminated to members of the investigative team. All intercepted text messages will be sealed with the court upon the expiration of the court's Order authorizing the interception. It is anticipated that the monitoring location will not be staffed at all times, but will be staffed at regular hours, at which time intercepted communications will be monitored and read (including those intercepted at hours when the location was not staffed). However, even when unmanned, the monitoring location will be kept secured with access limited to only authorized monitoring personnel and their supervising agents.

The FBI will utilize a filter program in its electronic communications collection system that will automatically identify and block voice calls (which are wire communications) from being intercepted by filtering them out of the electronic communications packet data stream before they are recorded. If a voice call is not filtered out of the packet data stream and is recorded, the

call will not be monitored or otherwise accessed through the electronic communications presentation system, and the FBI will preserve and seal such communications in the same manner as other intercepted electronic communications.

IT IS FURTHER ORDERED that, pursuant to Title 18, United States Code, Section 2703(c)(1)(B) and (d), Verizon Wireless, Tracfone, or any other subsequent service provider, providers of electronic communications services as defined in Title 18, United States Code, Section 2510(15), shall disclose to the applicant and the FBI the following information relevant to this investigation, as set forth in Title 18, United States Code, Section 2703(c)(2)(A)-(F), pertaining to TARGET TELEPHONE #2 and the telephone numbers assigned to or used by telephones or other devices that place or send wire or electronic communications to, or receive wire or electronic communications from, TARGET TELEPHONE #2, within 24 hours of said request, including weekends and holidays, there being offered specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation as set forth more fully in the affidavit: subscriber name; subscriber address; historical local and long distance telephone connection records, or records of session times and durations; length of service (including start date) and types of services utilized; telephone or instrument number or other

subscriber identification number (including but not limited to International Mobile Subscriber Identity number, Mobile Subscriber Identity Number, International Mobile Equipment Identity number, Universal Mobile Equipment Identity number, Electronic Serial Number, and Mobile Equipment Identity number); and means and source of payment for service (including any credit card or bank account number).

IT IS FURTHER ORDERED that, pursuant to Title 18, United States Code, Sections 3122, 3123, and 3124, the FBI shall install and use a pen register and trap and trace device (including but not limited to "caller identification") for up to 60 days on TARGET TELEPHONE #2, to acquire and collect dialing, routing, addressing, and signaling information associated with each wire or electronic communication to and from TARGET TELEPHONE #2, including, but not limited to: a) any unique identifiers associated with the cell phones, including ESN, MEID, IMSI, IMEI, or MIN; b) source and destination telephone numbers and email addresses; and c) date, time and duration of all communications. This should include dialing, routing, addressing, or signaling information transmitted on the Service Provider's packet-switched data network by "push-to-talk" technology, a.k.a. "Direct Connect," to provide digital two-way communication. The Court finds that the Applicant has certified that the information likely to be obtained by the installation and use of the pen register and trap and trace device

11

is relevant to the ongoing criminal investigation conducted by the Federal Bureau of Investigation and discussed in the affidavit. Pursuant to Title 18, United States Code, Sections 3123(b)(2) and 3124, the Service Provider(s) shall furnish all information, facilities, and technical assistance necessary to accomplish the installation of the pen register and trap and trace device. The Service Provider(s) shall be reasonably compensated by the FBI for such reasonable expenses incurred in providing such facilities and assistance.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2703(c)(1)(A), Federal Rule of Criminal Procedure 41, and 18 U.S.C. § 3122-24, that agents of the FBI are authorized to ascertain the physical location of TARGET TELEPHONE #2 during the authorized period of interception (the "Requested Location Information"). There is probable cause to believe that the location of TARGET TELEPHONE #2 during that period will constitute evidence of the TARGET OFFENSES. The Requested Location Information includes, but is not limited to: real-time E-911 Phase II data or other precise location information concerning TARGET TELEPHONE #2; and real-time cell-site location information for TARGET TELEPHONE #2 during the authorized period of interception. The Court further finds that the Applicant has certified, pursuant to 18 U.S.C. § 3122, that the information likely to be obtained is relevant to an ongoing

criminal investigation conducted by the Federal Bureau of Investigation and discussed in the affidavit.

IT IS FURTHER ORDERED that Verizon Wireless, Tracfone, shall disclose the Requested Location Information concerning TARGET TELEPHONE #2 during the authorized period of interception, and shall initiate a signal to determine the location of TARGET TELEPHONE #2 on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the order, and shall furnish the information, facilities, and technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of TARGET TELEPHONE #2, at any time of day or night, owing to the potential need to locate TARGET TELEPHONE #2 outside of daytime hours.

IT IS FURTHER ORDERED that this order be executed by service on Verizon Wireless/Tracfone, no later than 10 days from the date that the order is entered.

IT IS FURTHER ORDERED that the furnishing of said information, facilities, and technical assistance by Verizon Wireless and Tracfone shall terminate thirty days measured from the earlier of the day on which the investigative or law enforcement officers begin to conduct the interception of wire or electronic

communications, pursuant to this Order or ten days from the date that the order is entered, unless otherwise ordered by this Court.

IT IS FURTHER ORDERED that the furnishing of such information, facilities and assistance by Verizon Wireless and Tracfone shall be compensated for by the United States at the prevailing rate.

IT IS FURTHER ORDERED that the warrant for the Requested Location Information be returned to the issuing judicial officer within 10 days after the termination of the authorized period of interception.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that service of notice of the acquisition of the Requested Location Information may be delayed for a period not to exceed 120 days from the date that the order is entered. There is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscribers or users of TARGET TELEPHONE #2 would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. The period of delay may thereafter be extended by the court for good cause shown.

IT IS FURTHER ORDERED that Assistant United States Attorney Joshua C. Hanks, or any other Assistant United States Attorney

familiar with the facts of this case, provide this Court with reports, on or about the 15th day following the date of this Order, showing what progress has been made toward achievement of the authorized objectives and the need for continued interception. If a report should become due on a weekend or holiday, such report shall become due on the next business day thereafter. If this Order is extended for a further period of interception, the application for extension may serve as the report on or about the thirtieth day.

IT IS FURTHER ORDERED that no inventory or return of the results of the foregoing interception need be made, other than the above-required reports, before 90 days from the date of the expiration of this Order, or any extension of the Order, or at such time as the Court in its discretion may require.

IT IS FURTHER ORDERED that, upon an ex parte showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

IT IS FURTHER ORDERED that the Court's Order, the Application, Affidavit, and all interim reports filed with this Court with regard to this matter be sealed until further order of this Court, except that copies of the Order, in full or redacted form, may be served on the Federal Bureau of Investigation and the service provider(s) as necessary to effectuate the Court's Order.

DATE: May 12, 2021

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE